## APPEAL OF SCHAEFFLER MERCANTILE CO.

Docket No. 3728.    Submitted July 25, 1925.    Decided September 8, 1925.

> On the evidence, *held*, that the taxpayer has not established that salary accruals for 1918 were not deducted from 1919 income.
> On the evidence, *held*, that payments of extra salaries or bonuses to stockholding officers and employees were in fact dividends.

*John O. Bigelow, Esq.*, and *Edward R. Burt, C. P. A.*, for the taxpayer.

*George G. Witter, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

This is an appeal from the determination of a deficiency in income and profits taxes for the years 1919 to 1922, inclusive, in the amount of $9,512.96. The questions presented are (1) whether or not the taxpayer took as a deduction from 1919 income a certain item amounting to $5,000 and (2) whether or not certain payments to stockholding officers and employees were reasonable compensation for services rendered or were distributions of profits and in effect dividends.

From the pleadings, testimony, and documentary evidence introduced, the Board makes the following

#### FINDINGS OF FACT.

1. The taxpayer is a Kansas corporation engaged in a general mercantile business at Hillsboro.

2. The taxpayer's books were voluntarily destroyed by burning some time prior to the examination of its tax liability by a revenue agent on whose report the deficiency here in controversy is based. The books had previously been examined for prior years by another agent.

3. The accounts of the taxpayer were kept on the accrual basis and for the calendar year. Early in January, 1919, the taxpayer paid $5,000, representing officers' salaries accrued during 1918. The Commissioner has added this $5,000 item to 1919 income on the theory that it was deducted from income for that year.

4. Among the deductions for officers' salaries on the taxpayer's 1918 return is one of $4,445 as the salary of its president, William F. Schaeffler.

William F. Schaeffler's individual income-tax return for 1918 was filed on the cash receipts and disbursements basis. It reported $4,445 as salary received from the taxpayer. The individual returns of the taxpayer's other officers for 1918 are not in evidence.

5. The following is a list of the taxpayer's stockholding officers and employees, showing the interests of each during the years involved:

| Name | Office | Shares of stock |
|---|---|---|
| William F. Schaeffler | President | 103 |
| B. H. Schroeder | Vice president | 53 |
| A. W Schaeffler | Secretary and treasurer, 1919; secretary, 1920 to 1922 | 23 |
| R. F. Schaeffler | Treasurer, 1920 to 1922 | 23 |
| A. H. Stelting | | 25 |
| Mrs. Ida Schaeffler | | 23 |
| Total shares issued | | 250 |

The par value of the taxpayer's total stock issue was $25,000.

6. Deductions claimed for regular salaries and extra salaries or bonuses paid the stockholders are as follows:

| Name | 1919 | 1920 | 1921 | 1922 |
|---|---|---|---|---|
| William F. Schaeffler | $9,635 | $4,068 | $2,520 | $3,780 |
| B. H. Schroeder | 5,405 | 2,754 | 2,860 | 3,390 |
| A. W. Schaeffler | 2,855 | 2,214 | 2,260 | 2,490 |
| R. F. Schaeffler | 2,510 | 2,674 | 1,870 | 2,490 |
| A. H. Stelting | 2,975 | 2,450 | 1,750 | 2,125 |
| | 23,380 | 14,160 | 11,260 | 14,275 |

The salary deductions claimed for 1919 represent an increase of over 100 per cent above salaries paid in 1918.

Mrs. Ida Schaeffler was also in the taxpayer's employ but received no salary.

7. Of the totals above given the Commissioner has disallowed the following amounts alleged by the taxpayer to represent the extra salary or bonus payments: 1919, $5,000; 1920, $4,000 paid about July 8, 1920, and $2,500 credited at December 31, 1920; 1921, $2,500 credited at December 31, 1921; 1922, $2,500 paid about June 15, 1922, and $5,000 paid December 22, 1922.

8. Mrs. Ida Schaeffler, owner of 23 shares of the taxpayer's stock, is the wife of William F. Schaeffler. By adding her stock to the 103 shares held by William F. Schaeffler, thus considering his unit as 126 shares, it appears that the amount of extra salary or bonus payments to each of the stockholding officers and employees equals dividends on the stock as follows: 1919, 20 per cent; 1920, 26 per cent; 1921, 10 per cent; 1922, 30 per cent.

9. In making its 1920 return the taxpayer claimed a deduction of $2,500 as salaries paid on January 9, 1920. Subsequently it conceded that the payment was in fact a dividend.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MARQUETTE: Considering the evidence presented relative to the $5,000 item which the Commissioner has included in the taxpayer's 1919 income after denying its validity as a 1918 accrual and deduction, we are unable to ascertain any sound basis for disturbing the Commissioner's determination on that point.

The fact that William F. Schaeffler, reporting on the cash basis, reported as salary received from the taxpayer during 1918 the exact amount which the taxpayer on the accrual basis deducted as salary accrued to him during the year is strongly indicative of the fact that no salary could have been accrued to him at December 31, 1918. There has been no showing that the sum involved was accrued to the taxpayer's other officers and no effort to present evidence of their salaries as reported individually.

This conclusion is further influenced by the fact that the deduction claimed for officers' salaries during 1919 is so much greater than similar claims for prior and subsequent years as to lend color to the Commissioner's contention that it included the $5,000 item now under discussion, thus indicating that it was taken as a 1919 deduction.

The taxpayer contends that regular salary and extra salary or bonus payments made its stockholding officers and employees during the years involved were determined solely on the merits of each recipient, i. e., on his worth to the business. We are not persuaded,

however, that the taxpayer's determination of the worth to it of each of the recipients was not influenced, if indeed not controlled, by a consideration of his stock interest and in the case of William F. Schaeffler the combined interests of himself and his wife.

It would indeed be a most peculiar coincidence if the relative worth of the services of the five men conducting this firm should in each instance be exactly in proportion to his stock interest. In the absence of more detailed evidence than has here been presented we can not incline to the belief that such a condition actually prevailed.

We are therefore of opinion that the Commissioner's treatment of the extra-salary deductions as dividends is correct.

ARUNDELL not participating.